JOHN M. GARTLAND

*v.*

THE TOLEDO, WABASH AND WESTERN RAILWAY CO.

MASTER AND SERVANT—*whether employer is liable to servant for negligence of co-servant—minor.* Where a minor, while in the service of a railway company, under an express contract, receives an injury through the negligence of a co-employee in the same line of duty, the company will not be liable to him for such injury. By entering into the employment he takes upon himself the natural and ordinary risks incident to the service in which he engaged, among which is the carelessness of his fellow-servants.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action on the case, by John M. Gartland, by his next friend, William Neal, against the Toledo, Wabash and Western Railway Company, to recover for a personal injury. The declaration alleged that the plaintiff, a minor under the age of twenty-one years, was engaged in the employment of the defendant as a servant in operating its railroad; that he, with divers other employees of the defendant, was, on, etc., engaged in using and operating upon the track of the defendant nine large and heavy railroad cars with iron wheels; that the defendant, not regarding its duty in the premises, then and there, by divers and sundry of its other employees so engaged, as

aforesaid, with the plaintiff in using and operating said cars, did move and manage said cars in so negligent, careless, unskillful and improper a manner that one of the said cars was thereby, and by means of the negligence, carelessness and unskillfulness last aforesaid, then and there caused to strike against and run over the plaintiff, who was then and there lawfully at said track, engaged in his said service and employment, and who was then and there using all due and reasonable care and diligence, safely and properly to use, move and manage said cars, and to avoid any injury and casualty to himself or others by means of said cars; and that by means of the premises and by reason of the carelessness, negligence and unskillfulness last aforesaid, one of the iron wheels of said last mentioned car then and there was propelled and moved with great force against and upon the legs of the plaintiff, whereby the right leg of the plaintiff was greatly wounded, bruised, crushed, mangled and broken, and his left leg wounded, bruised, crushed and injured, and the plaintiff otherwise greatly hurt, wounded and injured, and whereby the right leg of the plaintiff had to be amputated, and the other permanently weakened and injured, etc. The court below sustained a demurrer to the declaration, and rendered judgment against the plaintiff for costs. The plaintiff appealed, and assigned for error the sustaining of the demurrer to the declaration.

Messrs. WHEAT & MARCY, for the appellant.

Messrs. SKINNER & MARSH, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Appellant concedes the settled law of this court to be, that an employer is not liable for injuries resulting from the negligence of co-employees in the same line of duty, but insists it should not be extended to cases where the doubtful reasons of the rule alleged in its support can not justly apply, and that it ought not to apply to minors.

It is not denied that an express contract made with a minor is valid at his option. It is not void, but voidable only. The express contract by the minor, in this case, was to serve his employer on a railroad. So long as he did not avoid that contract, but remained in the employment of the railroad company, he was, of necessity, subject to all the hazards attending that kind of employment, one of which was the negligence of his fellow-servants in the same line of duty. The minor, by so entering into this employment, came under the general rule, prevailing, not only in this court, but in almost all the courts of the several States and in England, and took upon himself the natural and ordinary risks and perils incident to the service in which he engaged, among which was the carelessness of his fellow-servants.

We can see no reason why his immature age should exempt him from the operation of the rule.

There was no error in sustaining the demurrer to the declaration, and the judgment must be affirmed.

*Judgment affirmed.*