STEPHEN CURRAN vs. MERCHANTS' MANUFACTURING
COMPANY.

Bristol.  Oct. 26, 1880. — Feb. 23, 1881.  ENDICOTT & FIELD, JJ., absent.

A master, who uses reasonable care in selecting his servants, is not liable to one
servant for an injury caused by the negligence of a fellow-servant.

If a boy between fourteen and fifteen years of age, while cleaning machinery in a
mill, is injured by the negligence of a fellow-servant in starting the machinery,
he cannot maintain an action against his employer, if it appears that he has
done such work for two years and a half.

SOULE, J.  The plaintiff in the first count of his declaration
alleges that he was injured because the defendant, his employer,
managed its machinery so negligently and carelessly that it was
unsafe and dangerous.  In the second count, he alleges that he
was taken from the work for which he was employed, and set
to cleaning out the gearing of a mule frame, which was an
unusual employment for him, in which he was not instructed or
skilled, and was to be attended to in an unusual place for him
to work; that the gearing was still and in a safe condition for
him to work on it, but while he was so at work it was care-
lessly and negligently set in motion by the defendant, and his
hand was hurt; and that the defendant knowingly and care-
lessly employed unskilful, inexperienced and incompetent over-
seers or men in charge, by whose act the machinery was set in
motion.

It is clear, therefore, that the action does not proceed on the
ground that the machinery was unsuitable for the purpose for
which it was intended, nor that it was not in good running
order.  The foundation of the action is negligence on the part
of the defendant in managing its machinery, the only negli-
gence specifically stated being in knowingly and carelessly em-
ploying unskilful and incompetent overseers or men in charge,
by whose act the machinery was started.

It is familiar and well-settled law in this Commonwealth, that
an employer is not liable to his servant for injuries caused by
the negligence of a fellow-servant.  The plaintiff was evidently
aware of this principle, and inserted the allegation that the
defendant knowingly and carelessly employed unskilful and in-

competent overseers, in the hope of bringing his case within the other principle of law, which imposes on employers the duty to his servants not to employ as their fellow-servants persons who are known to be unskilful and incompetent, when such want of skill and ability may expose the servants to danger of bodily injury, which would not exist if skilled persons only were employed as their fellow-servants.

The only question presented by these exceptions, therefore, is whether there was any evidence which would warrant a jury in finding that the defendant did knowingly and carelessly employ incompetent overseers or persons in charge, and that the injury to the plaintiff resulted from such employment. We are of opinion that there was none. There was nothing to show that Richard Smith was incompetent for the position of overseer, that James Smith was incompetent for the place of second hand, or that Cox was not fit to be promoted from the place of backboy to that of spinner. It appears that Richard Smith had been in authority in the mill during the whole of the two and a half years of the plaintiff's employment there, that James had been a spinner before he was made second hand, and that second hands are made by the promotion of spinners, and that Cox had been doing boys' work before he was made a spinner, and there was no evidence whatever tending to show, or which the plaintiff contended had any tendency to show, that either of these persons, who were the only persons employed in the room where the plaintiff worked at the time of the accident, had ever shown any lack of skill or efficiency in the performance of the duties of their respective positions before the accident occurred in which the plaintiff was hurt.

It was contended at the argument, that the case was taken out of the ordinary line of cases in which the servant is an adult by the fact that the plaintiff, who was fourteen and a half years of age, and had worked in the mill two and a half years, was of tender years, and was set to work in an unusual place, doing what he was not accustomed to do. But the evidence was that the work he was doing was precisely like what he had been accustomed to do from time to time during the whole term of his employment by the defendant, and that his injury did not proceed from the fact that he was working ;

dangerous proximity to other machinery over which he had no control. This case has no similarity, therefore, in this respect, to that of *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572, on which the plaintiff relied.                    *Exceptions overruled.*

*G. Marston & J. W. Cummings*, for the plaintiff, cited *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572; *O'Connor* v. *Adams*, 120 Mass. 427.

*A. J. Jennings, (J. M. Morton, Jr.* with him,) for the defendant.