FRANK GREENWALD, ADMINISTRATOR v. MARQUETTE, HOUGHTON & ONTONAGON RAILROAD COMPANY.

*Railway injury to brakeman—Negligence of fellow servants.*

A boy about 17 years old was employed as brakeman by the engineer of an ore train. The engineer had power to employ and discharge brakemen and the boy was capable and experienced in the business. The engineer directed the fireman to back the locomotive upon a side track to the train, and told the brakeman to attend a switch. He himself went to attend another switch farther on. While this was being done the bell and whistle of a train on the main track near by were both sounding. The first switch was passed and the engineer was about throwing the second when he heard an outcry and saw the brakeman under the locomotive. The brakeman died in a few minutes from his injuries, and his administrator sued the railroad company for the injury. It was proved that the brakeman knew the train was about moving back, and that there was room enough for him to perform his duties. *Held* that he needed no farther warning of his danger, and that the accident was due to his own negligence; *also*, that if the failure to sound the bell and whistle of the locomotive was negligence, it was the fault of the fireman, who was a fellow-servant of the brakeman, and for whose negligence towards a fellow-servant the company would not be liable.

Error to Marquette.    Submitted June 22.    Decided October 11.

CASE.    Plaintiff brings error.    Affirmed.

*F. O. Clark* for appellant.    The risks that servants actually assume, are only those which are *properly incident* to the employment, and they may always require their master to respond for injuries resulting from his *personal negligence*.    Cases of this sort occur where the master exposes the servant to unsafe machinery, or sends him into a place where there are risks of which he is ignorant: *C. & N. W. Ry. Co. v. Bayfield* 37 Mich. 211; *Marshall v. Stewart* 2 Macq. H. L. 20: 33 E. L. & Eq. 1; *Mellors v. Shaw* 1 B. & S. 437; *Ryan v. Fowler* 24 N. Y. 410; *Chicago, etc. R.*

*R. Co. v. Swett* 45 Ill. 197; *Schooner Norway v. Jensen* 52 Ill. 373; *Snow v. Housatonic R. R. Co.* 8 Allen 441; *Walsh v. Peet Valve Co.* 110 Mass. 23; *Perry v. Marsh* 25 Ala. 659; *Strahlendorf v. Rosenthal* 30 Wis. 674; "this principle may be applicable, *even when the risks are apparent and fully open to observation, provided the servant from his youth, inexperience or other cause, is incapable* of *fully* understanding and *appreciating* them: *Grizzle v. Frost* 3 Fost. & Find. 622; *Bartonshill Coal Co. v. Reid* 3 Macq. 266; *Coombs v. New Bedford Cordage Co.* 102 Mass. 572; a locomotive engineer is a controlling and governing agent for the railroad company rather than a fellow servant of the brakemen employed by it: *Louisville & Nash. R. R. v. Collins* 2 Duv. (Ky.) 116; and for injuries caused by his negligence to subordinate employees the company is liable: *Booth v. B. & A. R. R.* 73 N. Y. 40; *Flike v. B. & A. R. R.* 53 N. Y. 550.

*W. P. Healy* for appellee. If a railway employee is competent, his minority cannot affect the question of his right to recover for injuries: *De Graff v. N. Y. C. & H. R. R. R.* 76 N. Y. 125; an engineer, in directing the fireman to back up a locomotive is acting as a servant of the company, and not as an agent in any such sense as would make the company liable for his own carelessness: *Albro v. Agawam Canal Co.* 6 Cush. 75; *Quincy Mining Co. v. Kitts* 42 Mich. 40; *Malone v. Hathaway* 64 N. Y. 9; *McCosker v. R. R. Co.* 84 N. Y. 77; *Wilson v. Merry* L. R. 1 H. of L. Scotch App. 326; *Lehigh Valley Co. v. Jones* 86 Penn. St. 432; *O'Connor v. Roberts* 120 Mass. 227; *Zeigler v. Day* 123 Mass. 152; *Kelley v. Norcross* 121 Mass. 508; *Jones v. Granite Mills* 126 Mass. 84; *Lovegrove v. London, Brighton, etc. Ry. Co.* 16 C. B. (N. S.) 668; *Walker v. R. R. Co.* 128 Mass. 8; *Holden v. Fitchburg R. R. Co.* 129 Mass. 268; *Crispin v. Babbitt* 81 N. Y. 520; *M. C. R. R. Co. v. Gilbert* 46 Mich. 176; *Walsh v. R. R. Co.* 27 Minn. 367; *Howland v. Mil., L. S. & W. Ry. Co.* 11 N. W. Rep. 529 (Wis.); *Warner v. Erie R. R. Co.* 39 N. Y. 479.

GRAVES, C. J.   Decedent was tail brakeman under Samuel Wilks, who, as defendant's engineer, ran a train for the carriage of iron ore.   There were three other brakemen and a fireman.   Wilks employed the men and had power to dismiss them.   A train of empty cars had been taken to Ishpeming and left ; and the locomotive having been turned around on the turn-table, stood on a sidetrack, and the engineer and men were near by.   A number of cars loaded with ore were distant some five or six hundred feet, ready to be hauled away.   The engineer observed to the men that he and the brakeman would go up and get the loaded cars, and he directed the fireman to back up the locomotive.   There were two switches to be attended to, the first being some fifty feet from where the locomotive was standing, and the other further on.   The men started and the engineer ran ahead, so as to attend to the further switch, and decedent started for the first switch.   The fireman proceeded to back up the locomotive slowly.   At this time a train was going in the same direction on the main track and was making some noise.   The bell and whistle belonging to it were both going.   The two tracks were within some six feet of each other.   The first switch was passed and the engineer had taken hold of the stand to throw the second switch, when some one made an outcry, and decedent was then discovered on the track under the backing locomotive. He was fatally hurt and died in a few minutes.   He was between sixteen and seventeen years of age, and had been sometime engaged in the duties which then occupied him. He had sufficient capacity for the position.

This suit was brought on the alleged ground that the cause of his death was negligence of defendant's servants, and the negligence is said to have consisted (1st) in the order to the fireman to back up ; and (2d) in the failure of the fireman to ring the bell or blow the whistle.

The circuit judge was of opinion that it appeared conclusively that decedent contributed by his own want of proper care to what happened and he so advised the jury.

And a careful inspection of the record leaves no room to question the accuracy of the charge.

The plaintiffs can fully prove that decedent knew that the locomotive was moving or about moving back, and it also shows that there was room enough for him to perform his duties without being hurt. But this is not all. The order to back up was a proper one beyond question; and as decedent was participating in the operations connected with the backing up of the locomotive and knew what was going on and what to expect, he does not seem to have stood in need of warning by bell or whistle. He already knew enough to admonish him to keep out of the way. Moreover it may be questionable whether the sound of the bell or whistle would have been distinguished above the din made by the other train. But no matter.

Again, let it be admitted that the failure to sound the bell and whistle was negligence, and that it caused the catastrophe; still it was the negligence of the fireman, who was a fellow-servant and for whose negligence the defendant could not be held liable to decedent.

The case is too clear for extended comment.

The judgment is affirmed with costs.

The other Justices concurred.