YOULL, BY HIS NEXT FRIEND, V. THE SIOUX CITY & PACIFIC RAILWAY CO.

1. **Practice:** DIRECTING VERDICT OF JURY: ADMISSIONS OF RECORD. If it is error, it is error without prejudice, to direct the jury, at the close of plaintiff's testimony, to return a verdict for the defendant, without requiring the defendant to admit of record all the facts which the evidence of plaintiff tended to prove.

2. **Railroads:** EMPLOYMENT OF MINOR AS BRAKEMAN: NEGLIGENCE. Plaintiff was seventeen years and ten months old when defendant employed him as a brakeman. It is not shown that defendant had any knowledge of his age, or that because of his appearance defendant was put upon inquiry as to his age. Seven months thereafter he was injured while in such service. *Held* that there was no reason for charging defendant with negligence in employing him, while so young, and requiring him to perform the ordinary duties of a brakeman after a seven months' experience in such service.

3. ———: INJURY TO BRAKEMAN WHILE MAKING FLYING SWITCH: NEGLIGENCE: EVIDENCE. Upon examination of the evidence, (see opinion,) *held* that it discloses no negligence on the part of the defendant's employes in making the flying switch in which plaintiff, a brakeman, was injured.

4. ———: FLYING SWITCHES: RULE OF COMPANY CONSTRUED. A rule of the defendant company in relation to flying switches considered, (see opinion,) and *held* to be advisory merely, and not prohibitory.

5. ———: ———: VOLUNTARY PARTICIPATION IN BY EMPLOYE: ASSUMPTION OF RISK. If it were conceded that a railroad company is guilty of negligence if it allows flying switches to be made, yet, if an employe knows of the custom, and without objection participates and aids in

Youll, by his next friend, v. The Sioux City & Pacific R'y Co.

making such switches, he waives the negligence of the company and assumes the risk, and cannot recover if he is injured. See cases cited.

BECK, CH. J., and ADAMS, J., *dissenting.*

*Appeal from Cherokee Circuit Court.*

FRIDAY, JUNE 5.

THE petition states that the "plaintiff was employed by the defendant as a brakeman, * * * he being a minor, young and inexperienced in the dangers incident to the operation of railroad trains, and being only seventeen years of age," and while in such employment as brakeman on a freight train he was ordered by the conductor, * * * whose orders defendant required him to obey, " to assist in making a flying switch, and to watch the uncoupling of the cars while he was on the top of the train, and to stand on the rear end of the car, the last one forward of the cars to be cut off and uncoupled, and signal the engineer when the car on which he stood was uncoupled from the ones in the rear. While so standing, another employe, knowing the danger of the plaintiff, signaled the engineer, or the engineer, on his own motion, suddenly gave the engine steam, and jerked the train (without waiting for the signal of the plaintiff, or giving him time or opportunity to secure or protect himself) with great force and violence, so that the plaintiff was thrown from the car" and injured. * * * And plaintiff further " alleges that the conductor was grossly negligent in ordering said running switch in violation of the rules of the defendant; that the defendant, by its engineer and other brakeman, was negligent in not receiving the signal from him, and in the other brakeman giving the signal when the plaintiff was in danger, and in putting on an unnecessary amount of steam and switching the train, all of which was negligence; that defendant was negligent in placing the plaintiff in so dangerous a position, and in employing him, in view of his

age." At the conclusion of the plaintiff's evidence the court, on motion, directed the jury to find for the defendant, which was done, and plaintiff appeals.

*Brown & Carney*, for appellants.

*Joy, Wright & Hudson*, for appellees.

SEEVERS, J.—I. When the motion was filed asking the court to direct the jury to find for the defendant, the plaintiff asked that the defendant be required by the court to admit of record all the facts that the evidence tended to prove. This was denied by the court, and it is said that in so doing the court erred to the prejudice of the plaintiff. This question was considered and determined in *Stone v. Chicago & N. W. R. Co.*, 47 Iowa, 90. See, also, *Starry v. Dubuque & S. W. R. Co.*, 51 Iowa, 419; *Bothwell v. Chicago, M. & St. P. R. Co.*, 59 Id., 192; *Gilman v. Sioux City & P. R'y Co.*, 62 Id., 299.

*1. PRACTICE: directing verdict of jury: admissions of record.*

II. It is not claimed by counsel in argument that there is any evidence tending to show that the engineer or conductor was in any respect negligent. But it is insisted that the defendant was negligent in employing the plaintiff, and requiring him to perform (because of his age and inexperience) the duty in performance of which he was injured. There is no evidence tending to show that defendant had knowledge of the plaintiff's age, nor is there any evidence which tends to show that because of his appearance the defendant was put on inquiry as to his age. He was seventeen years and two months old at the time of his employment, and he was injured seven months thereafter. For aught that appears the plaintiff had the stature and appearance of an adult. If this was not so, we think the plaintiff should have established such fact.

*2. RAILROADS; employment of minor as brakeman: negligence.*

The mere fact that the plaintiff was a minor will not

authorize him to recover, if he was competent and physically able to perform the duties he was employed to do. *Curran v. Merchants' Manuf'g Co.*, 130 Mass., 374; *Houston & G. N. R. Co. v. Miller*, 51 Tex., 270. If the plaintiff had been of such tender years as to be unable, because of immature judgment or bodily strength, to perform the duties incumbent on him by reason of his employment, or was wholly inexperienced in the business in which he was engaged, then it may be that the defendant should be deemed negligent in placing him in a dangerous position. *Coombs v. New Bedford Cordage Co.*, 102 Mass., 572. There is no evidence which tends to show that the plaintiff was inexperienced in the duties of brakemen at the time he was injured. He does not so claim in his testimony; on the contrary, it clearly appears that he had the requisite experience. The defendant cannot, therefore, be regarded as negligent because it employed the plaintiff as a brakeman, and required him to perform the usual duties with which he was charged by reason of such employment. It must be presumed, in the absence of evidence to the contrary, that the plaintiff was a person of average intelligence; and he does not claim that he was required to do work which he did not comprehend, or that he was not aware of all the ordinary dangers incident thereto. The foregoing views are in accord with and supported by *McGinnis v. Canada Southern Bridge Co.*, 49 Mich., 466.

III. Was the defendant or its employes negligent in the way the flying switch was made? In the discussion of this question, we desire again to say that it is not claimed that the engineer was negligent in increasing the speed of the train at the time and in the manner he did. It will be conceded that the conductor required the plaintiff to assist in making the flying switch, and that he was required to obey such order. But the conductor did not require the plaintiff to assume any unusual place, or to undertake to perform any extraordinary duty. There were three brakemen on the train, the plaintiff

3. —— : injury to brakeman while making flying switch: negligence: evidence.

being designated as the middle brakeman. As the train moved towards the switch, the plaintiff walked along with the conductor until the third car of the train reached him, and then he got on such car. He ran and walked on top of the cars until he reached the end of the car next the one to be cut off, and it was from this car that he fell. While the plaintiff was passing along the top of the cars, and about the time, or just prior to the time, he reached the end of the car, the rear brakeman pulled the pin and signaled the engineer to go ahead. Thus far there was no negligence in any one, unless the brakemen who pulled the pin was required to give the signal to the plaintiff, so that he could communicate it to the engineer, and thus obtain knowledge of the movements of the train, so that he could protect himself from the ordinary and usual "jerk" which always follows the taking up of the "slack."

The evidence, without contradiction, shows that sometimes the signal was given to the engineer by the brakeman who pulled the pin, and at others it was given to a brakeman on the cars, and by him communicated to the engineer. There is no evidence which tends to show negligence on the part of the brakeman who pulled the pin. The plaintiff knew when he got on the train that the signal might be given to him, or directly to the engineer. The plaintiff cannot, under the undisputed evidence in this case, require that the signal should have been given in any particular manner. As to whether he might or might not be injured if it was given in any particular manner, was one of the ordinary hazards which the plaintiff assumed.

IV. Counsel claim that there is a rule of the company which forbids flying switches; or that, if this is not so, then the company was negligent in not having such a rule, and enforcing it. The rule is as follows: "(45) *Flying switches.* Coach switching conductors must see that brakemen, with good and sufficient brakes, are on any moving cars; and they are

4. ——: flying switches: rule of company construed.

cautioned as to making flying switches, (switch rope being furnished.) Avoid such switching, even if it increases your work." This rule is advisory only, and imposes caution on the employes when making such switches, but clearly does not forbid them.

The superintendent of the defendant had personal knowledge of at least one flying switch being made, and made no objection thereto. Is a railroad company guilty

5. ——: —— : of negligence if it allows such switches to be
voluntary
participation made? It is unnecessary to determine this ques-
in by em-
ploye : as- tion; but see *Jeffrey v. Keokuk & D. M. R. Co.*,
sumption of
risk. 51 Iowa, 439. No adjudicated case has been brought to our attention which so holds. But, be this as it may, such switches were frequently made by the employes on defendant's road, and the plaintiff participated and aided therein without objection; and on this occasion he made no objection whatever to the performance of the duty incumbent on him. The defendant cannot be held liable for an accident which occurred under such circumstances. *Kroy v. Chicago, R. I. & P. R. Co.*, 32 Iowa, 361; *Way v. Illinois Cent. R. Co.*, 40 Id., 343; *Lake Shore & M. S. R'y Co. v. Knittal*, 33 Ohio St., 468; *Ladd v. New Bedford R. Co.*, 119 Mass., 412.

AFFIRMED.

BECK, CH. J., and ADAMS, J., *dissenting.*