GRIFFIN v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

1. **Railroads:** INJURY IN CROSSING TRACK: CONTRIBUTORY NEGLIGENCE. One who is approaching a railroad with a team, knowing that a train is coming, but not the direction it is running, and is unable to have a view of the track in one direction, is negligent in attempting to cross the track, unless he exercises sufficient care to determine that the train is not on the part of the track concealed from his view, within a distance which would deter a man of ordinary prudence from attempting to cross the track. See opinion for cases followed.

2. **Contributory Negligence:** DIRECTING VERDICT. Where, in an action based on alleged negligence, the plaintiff's evidence shows that his own negligence contributed to the injury, he cannot recover, and the court may properly direct the jury to find for the defendant.

3. **Practice:** MOTION TO DIRECT VERDICT: FINDING OF FACTS. A motion by defendant for a verdict on plaintiff's evidence admits the truth of plaintiff's testimony, but the court is not required to make a special finding of the facts before a verdict may be directed.

*Appeal from Johnson Circuit Court.*

THURSDAY, APRIL 22.

ACTION to recover for injuries done to a pair of horses owned by plaintiff by an engine operated upon defendant's railroad striking them at a highway crossing. The circuit court directed the jury to return a verdict for defendant, on the ground that the undisputed evidence shows that plaintiff contributed to the injury. From a judgment upon the verdict plaintiff appeals.

*C. S. Ranck,* for appellant.

*Boal & Jackson* and *Wright, Cummins & Wright,* for appellee.

BECK, J.—I. The evidence shows that the accident occurred in a town at a point where a street crosses the defend-

**1. RAILROADS: injury in crossing track: contributory negligence.** ant's railroad. Plaintiff testified that he was driving his team, hitched to a wagon, in the town, having with him therein one or two women. He had stopped for some purpose at a house no great distance from the railroad, and about the time he started he heard a locomotive whistle, indicating its approach. He drove at a trot towards the railroad crossing, and looked in both directions for the approaching engine, but did not see it. There were obstacles which at certain points cut off the view of the railroad. He did not know in which direction the train was running, and did not hear it. As he came nearer the track, the depot cut off the view of the track in the direction of the approaching train. When the train came in view the plaintiff was so near the track that he was unable to hold back his horses so as to wholly escape collision with the engine, which struck the end of the wagon tongue, and threw the team around so that the horses came in contact with the engine.

II. We think, as a matter of law, one who is approaching a railroad, knowing that a train is coming, but not the **THE SAME.** direction it is running, and is unable to have a view of the track in one direction, is negligent in attempting to cross the track, unless he exercises sufficient care to determine that the train is not upon the part of the track concealed from his view, within a distance which would deter a man of ordinary prudence from attempting to cross the track. Plaintiff's own testimony shows that he was guilty of this very negligence. He hurried to cross the track, when a little thought and attention would have assured him that the train was approaching from the direction of the depot, and a view of it was cut off by that building. It was reckless negligence in him to attempt to cross the track until he knew he was in no danger from a train approaching behind the depot. In support of these views, see *Schœfert v. Chicago, M. & St. P. R'y Co.*, 62 Iowa,

624; *Haines v. Illinois Cent. R'y Co.*, 41 Id., 227; *Benton v. Central R'y of Iowa*, 42 Id., 192.

III.   Counsel for plaintiff admit "that when there is no evidence, or when the essential and integral elements of a cause of action or defense are wholly without proof, the court trying the cause may refuse to allow the case to go to the jury."   An "essential and integral element" of plaintiff's cause of action, if it be good, is that the injury occurred when he was in the exercise of ordinary care.   His own testimony shows that he was at the time negligent.   He therefore failed to exercise the "essential and integral elements" of ordinary care, and his negligence contributed to his own injury.   He cannot, therefore, recover.

*2. CONTRIBUTORY negligence: directing verdict.*

IV.   Counsel for plaintiff insist that, before a court can direct a verdict, the facts must be found and admitted upon the record.   The motion for judgment admitted the facts testified to by plaintiff and they, of course, appeared in the evidence of record in the court below.   We know of no rule requiring the court or jury to specially find the facts before a verdict may be directed; nor, as is claimed by counsel, in such a case will all the facts be considered as admitted or established which the jury might have inferred from the evidence.   The court is authorized to determine what conclusions of fact may be lawfully inferred from facts proved, and, in ruling upon a motion for a verdict, must of necessity do so.   It cannot imagine what other facts the jury could or might infer from the facts proved.   See, upon this point, *Youll v. Sioux City & Pacific R'y Co.*, 66 Iowa, 346.

*3. PRACTICE: motion to direct verdict: finding of facts.*

It is our opinion that the judgment of the circuit court ought to be

AFFIRMED.