Smillie v. St. Bernard Dollar Store.

---

GEORGE SMILLIE, ·SR., Respondent, v. ST. BERNARD· DOLLAR STORE, Appellant.

St. Louis Court of Appeals, December 22, 1891.

1. **Master and Servant:** INCOMPETENCY OF FELLOW-SERVANT : SUFFICIENCY OF EVIDENCE. It appeared in evidence in this cause that a boy, employed to run an elevator in a store, was only twelve years old, and that other children who were his fellow-servants were required to ride in the elevator in the course of their employment ; but it did not appear that the elevator, owing to its size or construction or the propelling power, could not be run with safety to all within by a boy of that age, nor even that the master knew the boy's age. *Held, Thompson, J., dissenting,* that this proof was insufficient to establish negligence on the part of the master employing the boy for that purpose.

2. **Negligence**: SUFFICIENCY OF EVIDENCE. It appeared that said elevator boy, while the elevator was in motion, requested another child ten years old, who was his fellow-servant and was riding in the elevator, to open an elevator gate, and that the child raised its hand presumably for the purpose of complying with the request and then slipped ; but it did not appear that the gate, owing to its size, weight or construction, could not be safely raised by a child, ten years old. *Held, Thompson, J., dissenting*, that these facts did not warrant a finding that it was negligence on the part of the elevator boy to make the request, nor did the mere concurrence of the request and slipping under these circumstances warrant a. finding that the one was the cause of the other.

*Appeal to the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*D. P. Dyer*, for appellant.

*Seneca N. Taylor*, for respondent.

ROMBAUER, P. J.—This suit is one by a parent to recover for the loss of services of his minor son, and for expenses incurred for medical attendance, medicines and nursing in healing his injuries, which the statement charges were caused by the defendant's negligence. The injuries were received by the boy, who was ten years old, and in the defendant's employ as a cash boy, while riding in an elevator in the defendant's store. No complaint is made of the sufficiency of the elevator in any respect, except that it was being run by another boy, twelve years old. The *gravamen* of the action and cause of the accident are stated as follows : " That on the day of the accident the defendant carelessly and negligently placed said elevator in charge of a mere child only twelve years old, and said defendant knew, or by the exercise of reasonable diligence might have known, that said child so in charge of and operating said elevator had not the experience, care, knowledge and age adequate to operate

an elevator with reasonable safety, and prevent children riding thereon from being injured by said elevator; that, as said elevator approached the fourth floor of said store on the occasion in question, the child in charge of and operating the same as agent for defendant carelessly and negligently requested plaintiff's son to raise the gate thereof, while the elevator was in motion, which he did, and, as he was doing so, slipped and his foot caught between the floor of the elevator, and the fourth floor of said store," causing the injuries complained of.

The action was brought before a justice of the peace where the plaintiff had judgment. It was tried in the circuit court before a jury on appeal, where the plaintiff likewise recovered a verdict; and the main complaint of the defendant upon this appeal is that the verdict is not supported by any substantial evidence.

It is conceded that the plaintiff's boy and the elevator boy were fellow-servants, and that the rule which bars a recovery for an injury caused to one servant by the negligence of his fellow-servant is applicable to minors as well as adults. The recovery is sought to be upheld on the ground, that the employment of a boy twelve years of age to run an elevator, in which other children may be required to ride, is of itself inferential evidence of negligence, owing to the admissible inference that children of that age are apt to be careless, and fail to bring to the exercise of their duties that care and caution which is apt to be exercised by those of maturer years.

Concerning the general rule applicable to this class of cases, there can be no controversy. Where one servant seeks to recover for injuries received by the act of his fellow-servant, in an action brought against the common employer, he must show that the employer failed to exercise ordinary care in employing such fellow-servant for the work intrusted to his care, and must further show that such servant's negligent act was the

cause directly contributing to the injuries received. In *Harper v. Railroad*, 47 Mo. 567, which is the leading case in this state on the subject, the right of recovery is limited to cases where the servant, by whose negligence or misconduct the injury was occasioned, is not possessed of ordinary skill and capacity in the business intrusted to him, and the employment of such incompetent servant is attributable to the want of ordinary care on the part of the master. If we read the record in this case rightly the plaintiff has failed to show either of these essential facts, unless we are warranted in assuming, *first*, that the mere fact of employing a boy, twelve years old, for the purpose of running an elevator was inferential evidence of want of ordinary care on the part of the master in selecting him for that purpose, and, *next*, that the mere fact that the boy requested the plaintiff's son to raise the gate was inferential evidence both of the fact that the request itself was an act of negligence, and next that such act was the cause directly contributing to the injury complained of.

There is some slight evidence in the record that boys are apt to be more careless than adults. Of this fact courts have taken judicial notice, just as we would be warranted in taking judicial notice of the fact, that women as a rule are more impulsive than men, and men of certain temperament are more impulsive than those of other temperaments. There was, however, no evidence whatever in the record, that this particular boy was more careless than an ordinary adult; on the contrary, whatever evidence there is on that subject in the record is to the effect, that he was as careful and circumspect as any ordinary adult. There is evidence in the record that the boy was but twelve years of age, but no evidence that the defendant knew that fact, nor any evidence whatever that the elevator owing to its size, construction or propelling power could not be run with safety to all within by a boy of that age. There was no evidence whatever that boys of that age are not usually

employed for similar work. As far as that branch of the case is concerned it rests on the simple proposition, that the boy was twelve years of age, and that his employer might have known the fact, as the boy presumptively indicated it by his appearance, in the absence of evidence to the contrary.

All employments which give to the servant the partial control of physical forces have their incidental dangers ; but we know of no case which goes to the extent, that the hiring of a boy, twelve years old, for the performance of work which has its incidental dangers is in itself evidence of the want of ordinary care in the hiring on the part of the master.

Coming to the second branch of the case, we must conclude that the evidence is equally deficient in showing facts essential to a recovery. There is no evidence in the record that the request of the elevator boy to the plaintiff's son was a negligent request. There is no evidence that the gate, owing to its size, weight or construction could not be raised with perfect safety by any child, ten years old. Whatever slight evidence there is in the record on that subject is to the contrary. Nor is there any evidence, that the attempt to raise the gate had any necessary connection whatever with the accident complained of. It does not even appear that the boy endeavored to raise the gate. It does appear that he was requested to do so, and raised his hand presumably for that purpose, and that thereupon his foot slipped, but no further connection is shown between the request and the accident. That the evidence of such a connection may rest upon inference, we freely admit ; but, as we have repeatedly said, there is a wide difference between legitimate inference and bare conjecture. The mere concurrence in time of two facts does not of itself legitimately give rise to the inference that one is the result of the other.

The defendant asked for an instruction both at the close of the plaintiff's evidence, and at the close of the

entire case, that the plaintiff could not recover. In our opinion the defendant was entitled to such an instruction under the facts shown in this case. The judgment is reversed and the cause remanded. Judge BIGGS concurs. Judge THOMPSON dissents.

THOMPSON, J. (*dissenting*).—I am unable to concur in this opinion. Elevators in large buildings, operated either by steam or hydraulic power, designed to carry persons or freight between the lower and higher floors, have come into such common use that the courts may well take judicial notice of their physical characteristics. So many accidents have been caused to persons on these machines, either owing to their defective construction, their non-repair or their defective operation, that those who are appointed to administer justice cannot refrain from taking notice of their dangerous character. We have had several recent cases before us on appeal growing out of the injuries to persons by these contrivances. This is the second case of this kind which has come before us on the present call of our docket, in both of which the primary cause of the injury was the indiscretion of the boy who operated the elevator. We must also take judicial notice of the fact, that young boys act inconsiderately and from impulse, and that they are apt to get very careless.

Such being the dangerous character of these machines, and such being the well-known tendencies of young boys, I am prepared to say that to put a boy of twelve years old in charge of such a machine in a retail store, where other young boys are employed whose duty required them to go up and down on the machine, is evidence of negligence to go to a jury, as a mere conclusion of law. I want to make it clear that I have no doubt whatever on this point, and that I regard the proposition as a very important one, and one which intimately concerns the public safety, and especially the safety of children.

Upon the point that there was no evidence tending to show that the defendant knew of the age of the boy, it may be said that the evidence shows that this boy was employed by the defendant to run this elevator nearly a year before this accident happened, that is when about eleven years' of age. A grosser piece of carelessness, and a grosser disregard of the safety of the public and of its own employes, I could scarcely imagine than to put a boy of such tender years in the management of such a dangerous machine. The defend-- ant's manager would presumptively take notice of the tender years and consequent want of discretion of the lad from his physical appearance ; and if he did not know his age, it was his duty to know it, and, where there is a duty to know, negligent ignorance is the same in law as actual knowledge.

Nor am I able to concur with the opinion on the other point. It was the duty of the boy in charge of the elevator not only not to allow a passenger, and especially a passenger who was but ten years of age, to raise the gate while in motion, but it was his duty to exert himself to prevent him from doing it. Instead of this the plaintiff's evidence tends to show he requested the plaintiff's son in this case to do it. The plaintiff's son, in endeavoring to comply with this request, slipped his foot accidentally, so that it got between the floor of the elevator and one of the floors of the building. I do not see how it can be reasoned that a jury would not be warranted in inferring that this request was the proxi- mate cause of the accident. The very act of attempting to raise the door of the elevator, while it was in motion, manifestly put the whole body of the plaintiff's son in a position of great peril. That he escaped with the mere laceration of his leg and foot, was exceedingly for- tunate to him. If the request had not been made, and if he had not endeavored, through his own childlike indiscretion to comply with it, there is no reason

founded in the evidence, to suppose that he would have been hurt at all. The jury were, therefore, clearly authorized to say that it was the proximate cause of the injury.

As I see no error in the record, I am of opinion that the judgment should be affirmed.