EVANS, by next friend *v.* JOSEPHINE MILLS.

1. If the petition sets out no cause of action, proof of every fact therein charged is nugatory, but advantage thereof should be taken by motion to dismiss on the ground that the pleadings are fatally defective, and not by motion to nonsuit, which is intended to test the sufficiency of the evidence to support the petition.

2. If the petition sets out a cause of action, and the plaintiff proves every fact charged, but, on cross-examination or otherwise, disproves his right to recover, by establishing the existence of other undisputed defensive facts which show that he is not entitled to a verdict, then a nonsuit should be granted.

3. In the present case, even if the plaintiff established the facts contained in her petition as originally filed, she also proved additional facts as to her mental capacity and experience, which would have authorized a nonsuit, since the danger of placing her hand between moving rollers was so patent and obvious as of itself to be a warning to one of her age and experience.

4. By amendment and the evidence in support thereof it appeared that she was injured by the act of a fellow-servant; and inasmuch as the doctrine of fel-

low-servants does not apply to infants of tender years, it was error to grant a nonsuit, but the case should have been submitted to the jury to determine whether there was any negligence of the coemployee in the act causing the injury.

5. The master is not liable to one servant for injuries inflicted by a fellow-servant, because the risk thereof is one of those assumed in the contract of employment.

6. Infants under fourteen years of age are chargeable with contributory negligence resulting from a want of such care as their mental and physical capacity fits them for exercising, and assume the risk of those patent, obvious, and known dangers which they are able to appreciate and avoid.

7. But the risk arising from the negligence of fellow-servants is not patent, and there is no presumption that the same was assumed by an infant of tender years.

Argued November 19, 1903.—Decided February 12, 1904.

Action for damages. Before Judge Irwin. City court of Polk county. January 14, 1903.

The petition alleged that the plaintiff was between eleven and twelve years of age, and ignorant of the danger of exposed machinery in defendant's mill; and that defendant negligently left the same uncovered and failed to warn plaintiff of the danger, and was negligent in permitting and not restraining the plaintiff from going about the dangerous machinery, who was injured by placing her hand between the pressers. By amendment it was alleged that if she was out of the line of her work the defendant was guilty of negligence in not restraining her from going to and remaining about the dangerous machinery; that defendant did not warn plaintiff that she was out of the line of her work, or request or command her to keep away from the same; that the machinery was not in motion when she put her hand therein, but it was set in motion by another youthful, incompetent, and inexperienced employee, though there was no proof of her incompetency and inexperience further than appeared from the testimony that she was a "little girl." The plaintiff had worked two months at the Wahneta Mill, and in the Josephine Mill about three weeks. She testified that she was eleven years and two months old, had no regular work in the mill, but was employed "to do first one thing and then another." Sometimes she would take shirts to the folding table of the presser, which is attached to a mangle having rollers heated by steam, and through which the shirts were run and pressed. On the morning of the

accident the machine had not been started, and when she carried the shirts and placed them on the folding table she put her finger on the presser to see if the machine was in working order so that she could tell the operator and let her keep up with the "overseamer." When she put her finger on the presser, a "little girl," Minnie Sanders, another employee, started the machine. It caught plaintiff's arm, seriously mashing it and necessitating its amputation. Plaintiff's evidence tended to show that she had never been warned as to the danger of the machine, and she claimed that she did not know that it was dangerous, or that it was dangerous to touch her finger to the presser. She had frequently carried clothes to the presser previously to this occurrence. One witness testified that the mangle was very dangerous and not at all safe for children of tender years to be around. The mangle is provided with a cover, and with the cover on it is not dangerous, but with it off it is very dangerous. At the time the plaintiff was injured the cover was off. The testimony of a number of employees who were in the room at the time of the accident was introduced with a view of establishing the dangerous character of the machinery, and proving that no warning had been given to plaintiff in reference thereto. Several witnesses testified that plaintiff was a "smart," "bright," and intelligent child. At the conclusion of the evidence the court directed a nonsuit.

*Janes & Hunt,* for plaintiff.
*Bunn & Trawick,* for defendant.

LAMAR, J. (after stating the foregoing facts.) A nonsuit will not be granted where the plaintiff proves his case as laid. *Kelly* v. *Strouse,* 116 *Ga.* 872 (4 *b*). This ruling does not lead to the result that it is necessary to submit the case to the jury even though it appears on the plaintiff's evidence that he is not entitled to recover. Nor is it in conflict with the Civil Code, § 5347, since that section evidently contemplates a trial upon a petition which sets out a cause of action. Usually there is such a petition, and the plaintiff by proving his case as laid makes out a prima facie right to recover, and it would of course be improper to grant a nonsuit. If he fails to prove what he has thus alleged, or if he actually proves every fact charged, but, on cross-examination or otherwise, disproves his case by establishing beyond doubt the existence of

other defensive facts which make it manifest that he ought not on the whole evidence to recover, then the Civil Code, § 5347, declares that "a nonsuit will be granted." If, for example, he sues on an account, and proves his case as laid, but also proves that the debt has been fully paid, a nonsuit should be awarded. He proves his case, and then he disproves it. There may be a fatal defect caused by too much evidence as well as by too little, and a motion for nonsuit is the proper means by which to test the question as to whether the plaintiff's evidence entitles him to go to the jury. But where the defendant has failed to test the sufficiency of the petition by demurrer at the first term, and the petition sets out no cause of action, it does not follow that proof of the idle allegations therein will compel the court to do a useless thing, and refer to the jury that which is so vain and nugatory that a judgment on a verdict in favor of the plaintiff would have to be arrested. Civil Code, §§ 5362, 5046. In such instances, however, the vice is in the petition rather than in the proof. The remedy is not by motion to nonsuit, which is intended to test the sufficiency of the evidence, but by motion to dismiss, which is aimed at the fatal defect in the pleading. Compare *O'Connor* v. *Brucker*, 117 *Ga.* 451.

The original petition set out a cause of action, and it may be conceded that the plaintiff proved her case substantially as alleged. But the testimony further established certain additional facts as to her previous employment in another mill, her experience, capacity, "smartness," and "brightness," which were sufficient to take the matter out of the rule that proving the case as laid will prevent a nonsuit, and to call for the determination of the question as to whether she had not disproved her cause of action. The original petition charged that the plaintiff touched with her fingers the moving machine, and that the master was negligent in failing to warn her of the danger. If she had been an adult, or over fourteen years of age, clearly she would not have been entitled to a verdict. She was out of the line of her employment. Although she was only eleven or twelve years of age, it appears by the undisputed testimony that she was a "smart, bright child," and had worked in this and another mill long enough to know that it was dangerous to put hand or finger between moving rolls. And even if the master did not give her

warning, the danger was so obvious, and the risk so patent, as of itself to amount to a warning to any one with the mental capacity and experience which the plaintiff was shown to have possessed.    While the law exacts of the master the duty to warn those, old or young, who are inexperienced and ignorant of latent dangers, still he is not an insurer, even of infants of tender years; nor is he bound to warn them of dangers of which they know, and are able to appreciate.    If, without warning, they deliberately walk into a fire, or purposely step from high places, or voluntarily and unnecessarily put their hands between moving rolls, the master is not responsible.    Civil Code, §§ 2610, 2611, 2612.

In employing minors to work the master is not bound to employ others to restrain them from leaving their places of duty and going into places of danger.    If he actually sees infants of tender years doing any act which is manifestly hazardous, he should restrain them from so doing.    *Augusta Factory* v. *Barnes*, 72 *Ga.* 217.    But the evidence in this case does not call for the application of any such rule.    The plaintiff had been at work in another mill, and for some time had been properly and safely performing the duties for which she was engaged by the defendant.    She had frequently been about the presser, was not expected to get on the platform, or to put her hand anywhere near the rollers; nor is there any evidence that the master or superior officers knew she intended so to do, or had any opportunity to restrain her.    If, as alleged in the original petition, she placed her hand on the moving rollers, she saw and knew the danger, and the injury was not the result of any negligence on the part of the master.    If, as alleged in the amendment, it was not in motion when she mounted the platform and touched the roller, then the machine was not dangerous to the infant or any one else.    No warning was needed, and on this theory alone she was not entitled to recover.

The amendment, however, further alleged, that, though the machine was not in motion when the plaintiff put her hand between the rollers, another " little girl " started it up, with the result that serious personal injuries were inflicted upon the plaintiff. On this theory :    (1) If the master or some one for whose act he was responsible was not negligent, she can not recover.    (2) This not being a suit against a railroad company, if the master was

negligent, the plaintiff's contributory negligence might lessen, though under our statute it does not necessarily defeat a recovery. Civil Code, § 3830.    (3) If the plaintiff was free from fault and was injured by a fellow-servant, she can not recover, unless the fact that she was a minor, under the age of fourteen, takes her without the operation of the fellow-servant rule.    There are cases which hold that this doctrine is applicable to infants: *Shields* v. *Yonge*, 15 *Ga.* 349 (eighteen); King v. Boston etc. Co., 9 Cush. 112 (seventeen); Curren v. Merchants Mfg. Co., 130 Mass. 374 (between fourteen and fifteen); Fones v. Phillips, 89 Ark. 23 (nearly fourteen); Brown v. Maxwell, 6 Hill (N. Y.) 592; Greenwald v. Marquette, 49 Mich. 197 (seventeen); Pittsburg v. Adam, 105 Ind. 153 (under twenty-one); Gartland v. Toledo Co., 67 Ill. 498 (under twenty-one); Fisk v. Central Pacific R. Co., 72 Cal. 38 (twelve); Lovell v. De Bardelaben Co., 90 Ala. 15 (where the court construed the declaration to mean that plaintiff was over fourteen); Heffern v. Northern P. R. Co., 45 Minn. 471 (seventeen); Smillie v. St. Bernard Co., 47 Mo. App. 404 (ten); Craven v. Smith, 89 Minn. 125 (eleven).    In other cases it has been held that the doctrine exempting the master from liability to one servant for injuries inflicted by the negligence of a fellow-servant is based upon the theory that such risks are among those assumed in the contract of employment, and that "if the injured employee is a child incapable of comprehending that risk, the rule ought not to apply."    Hinckley v. Horezdowsky, 133 Ill. 359, 23 Am. St. Rep. 618.    In Houston &c. R. Co. v. Miller, 51 Tex. 270, the court held that while the fellow-servant rule should apply to one under twenty-one years of age, it should not be enforced against a child of tender years.    See also Evans v. American Iron Co., 42 Fed. Rep. 519.    Compare *So. Agricultural Works* v. *Franklin*, 111 *Ga.* 319, 323.

From the dissenting opinion in *Atlanta Co.* v. *Speer*, 69 *Ga.* 158, and from the foregoing cases it will be seen that all the authorities hold that the fellow-servant rule applies to infants over the age of fourteen.    As to those under that age there is a conflict.    Some authorities, for cogent reasons, hold that the doctrine is not applicable to infants of tender years.    And, without noting the distinction between those over and those under fourteen, such is the clear intimation in *Augusta Factory* v. *Barnes*,

72 *Ga.* 217. All children are chargeable with the result of failing to exercise the due care which their physical and mental capacity fits them for exercising. Civil Code, § 2901. They are daily brought into the presence of known dangers which they may be reasonably expected to avoid. But the risk from the negligence of fellow-servants, which as matter of law is presumed to be assumed in the contract of employment, is the risk of an unknown, contingent, and legal danger, which would make no impression upon the mind of a child of tender years. It is not like a peril obvious to the senses, the very presence of which awakens apprehension, and, when coupled with the fear of pain, is calculated to make the infant avoid it. Nor is it like the responsibility for the violation of a criminal statute, where the minor is to be punished for what he does, and where the implied knowledge of the criminal statute is generally aided by the child's conscience and intuitive knowledge that the act is in itself wrong. Penal Code, § 33. The line must be drawn somewhere, and, with variation below that age depending on capacity, the time of responsibility has been absolutely fixed at fourteen. For some purposes after reaching that age infants are classed as adults; they can then make wills (Civil Code, § 3265); select their guardians (Civil Code, § 2516) ; and females can contract marriage (Civil Code, § 2412). They then become amenable to the criminal law, and by analogy are presumed to assume the risks which the law makes incident to their contract of employment. But under that age, while they may be charged with the duty of avoiding dangers of which they know, there is no presumption that they contract to assume the risks which are not patent, of which they do not know, and which relate to the contingent act of a third person. The plaintiff proved her case substantially as laid in the amended petition, and under the circumstances a nonsuit should not have been granted; but the matter should have been referred to the jury to determine whether the fellow-servant in starting the machine was guilty of an act of negligence in relation to the plaintiff. *Judgment reversed. All the Justices concur.*