## OGBURN v. DUBLIN WAGON & MACHINE COMPANY.

The plaintiff proved his case exactly as laid in the petition, and it was error to sustain a motion to nonsuit.

Submitted November 25, — Decided December 10, 1904.

Action for damages.    Before Judge Adams.    City court of Dublin.    March 11, 1904.

Ogburn's petition and evidence made the following case:    He was working for the defendant company at a wood-working machine, getting up some cart-wheel spokes.    The pattern for them, a piece of poplar timber, was given to him by Murchison, the

president of the company and boss of the shop, under whom Ogburn was working, and whose orders he was bound to obey. He put a piece of timber down on the bit at the middle of the machine, and was pressing down slowly on the bits, and had got down the depth of the bit, and was holding it still, when Murchison put his hand on the piece of timber, causing it to slip, and causing the bits to take a deeper hold, throwing the timber out and catching Ogburn's hand on the bits and cutting off his fingers. He had before done the same kind of work on a similar machine, without injury; and he was getting on with this work all right until Murchison put his hand on the timber from behind, without warning that he was going to do so. If he had kept his hand off the timber, Ogburn's hand would not have been hurt. Ogburn had been working at the wheelwright's trade for four years. He was also a bench carpenter, and was twenty-seven years old. His general duties were to work anywhere he was told to work. He had been at work about an hour when he was hurt. Immediately before he took charge of this machine Murchison had been dressing spokes on it. The machine is set up like a jointer; in some respects it is like a planer; it is "geared up pretty high." The depth of it is regulated by letting up the lower side; the timber is put on from the right side. Murchison handed Ogburn the pattern and told him to take it to the bench and cut it out. Ogburn looked at it and said he could do it with the machine, and Murchison said, "All right, go ahead." He did not forbid taking it to the machine, or warn Ogburn that it would be dangerous to try to cut out the pattern on the machine. The pattern was to be thumbscrewed to the table; it was to cut the shoulder to the spokes, and "you could cut so far and no farther." Ogburn was cutting it to the proper depth, and Murchison put his hand on the timber; and Ogburn's fingers, being underneath it, naturally gave way, causing the bit to take hold where it had not been cutting.

*K. J. Hawkins*, for plaintiff.

LAMAR, J. The petitioner proved his case exactly as laid, and it was therefore error to sustain the motion to nonsuit. The question as to whether the injury was occasioned by a fellow-servant or by the act of a vice-principal, or whether the vice-principal at the time was so acting as to constitute himself a fellow-servant of

the plaintiff, was not argued, nor can we know that the court below passed upon this question.    All of the facts proved were stated in the petition.    If they were such as to constitute a defense, advantage should have· been taken thereof in the first instance by demurrer, or afterwards by motion to dismiss, and not by motion to nonsuit.    The evidence disclosed no new fact.    It did nòt make a case where the plaintiff first proved and then disproved his right to recover.    *Evans* v. *Josephine Mills*, 119 *Ga.* 448 (1) and (2).    *Judgment reversed.    All the Justices concur.*