19264. BIBB MANUFACTURING COMPANY v. BASHINSKI.

JENKINS, P. J. 1. A judgment overruling a general demurrer to a petition, unexcepted to, becomes a conclusive determination that the petition sets forth a cause of action, and that on proof of the facts set forth by the petition the plaintiff is entitled to recover, unless such proof is overcome by the defendant. *Staten* v. *General Exchange Ins. Corp.*, 38 *Ga. App.* 416 (144 S. E. 53).

2. "Even though a petition may not set out a cause of action, if the plaintiff proves every fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed defensive facts which show that he is not entitled to a verdict, it is not proper to award a nonsuit." *Rountree* v. *Seaboard Air-Line Ry. Co.*, 31 *Ga. App.* 231 (120 S. E. 654); *Evans* v. *Josephine Mills*, 119 *Ga.* 448 (46 S. E. 674).

3. In the instant suit on a contract of guaranty, the defendant having, by general and special demurrer, invoked a ruling upon the specific question whether the defendant was liable, under his guaranty, for damage sustained by the plaintiff by reason of nonperformance by the principal of certain contracts theretofore entered into, and the court having adjudicated the question adversely to the defendant, and no exception being taken to that ruling, it became the law of the case, and the plaintiff was entitled, on proof of his case as laid, to a verdict and judgment, unless his proof was overcome by defensive proof submitted by the defendant, or by the establishment by the plaintiff of other undisputed defensive facts.

4. Since the stipulation entered into, and the proof submitted, proved the plaintiff's case as laid, and there was nothing in the proof submitted on behalf of the plaintiff to require a different construction from that previously placed thereon by the court in ruling upon the demurrer, under the foregoing rulings the court erred in granting a nonsuit.

*Judgment reversed. Stephens and Bell, JJ., concur.*
DECIDED JULY 10, 1929.

*Jones, Jones & Johnston,* for plaintiff.
*Burch & Daley,* for defendant.