VOYLES, administrator, *v.* LEE.

No. 16321.   SEPTEMBER 14, 1948.

*Coogler & Kemp* and *Harris, Henson & Spence,* for plaintiff in error.

*Kelley, Zellars & Foster,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■ Since the defendant administrator made a motion, in the nature of a general demurrer, to dismiss the petition as not setting forth a cause of action, and the judgment overruling the motion was unexcepted to, the following observations as to the legal status of the petition thereafter should be made. Proof of a case as laid in a petition will prevent a nonsuit, but there can be no recovery unless the case as laid authorizes it. *Kelly* v. *Strouse,* 116 *Ga.* 872 (4-d) (43 S. E. 280); *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674); *Goff* v. *National Bank of Tipton,* 170 *Ga.* 691 (153 S. E. 767); *Blount* v. *Metropolitan Life Insurance Co.,* 192 *Ga.* 325 (1) (15 S. E. 2d, 413). However, where a general demurrer is overruled and the judgment is unexcepted to, the judgment becomes the law of the case. *Dye* v. *Alexander,* 195 *Ga.* 676 (1) (25 S. E. 2d, 419). The motion in the present case having been overruled, and that judgment not having been excepted to, the ruling became the law of the case that, upon proof of the allegations of the petition, the jury would be authorized to return a verdict in favor of the petitioner. It is, therefore, unnecessary for this court to ascertain whether or not a cause of action is alleged. That is settled by the law of the case, and the

only inquiry is whether or not the allegations of the petition are supported by proof, and if so supported the judgment of the trial court must be affirmed.

The evidence set out in the statement of facts is sufficient to prove the alleged contract of virtual adoption and full performance of it, both by the petitioner and Mr. and Mrs. Dunn, with whom he had been living and who acted in his behalf in making the contract. While it is apparent that he was absent from the home of the Shermans at intervals in his youth, the evidence should not be construed as showing a breach of the contract but as an experience that would normally and naturally be identified with the life of any real and maturing son. As he grew to sufficient age, he worked in a grocery store for a time, but John Sherman's occupation was that of a tile setter, and the petitioner and his brother Carson, who resided for a while in the Sherman home, were taught that trade by him. In time, besides working with their uncle, John Sherman, in their own home town, they traveled with him to different jobs in other places, and finally becoming proficient in the trade, pursued it on their own responsibility. As a result the petitioner was not constantly in the home of the Shermans, but it is fairly inferable that Mrs. Sherman, with a proper interest in the boy's development and progress, acquiesced in his tutelage by her husband and his trips away from home with him and subsequently the prosecution by the petitioner himself of the business of a tile setter. The petitioner testified: "I lived with them from the time I was seven up until they died, both of them, on and off. I wasn't there continuously, but that was my home. I didn't make my home anywhere else except there with Mr. and Mrs. Sherman until I married" at the age of 26.

■ Special ground 1 of the motion for new trial, complaining of the admission over objection of testimony of the defendant administrator to the effect that the money in the Sherman family was made by John H. Sherman, the husband of Mrs. Alice Sherman, is without merit for any reason assigned, since the defendant pleaded substantially the same facts in his answer.

■ The charge of the court, complained of in special ground 2 of the motion for new trial, on the ground that it erroneously stated the law applicable to the pleadings and evidence in the

case, is without merit, since, under the law of the case made by the judgment overruling the motion to dismiss the petition, the court's charge that the petitioner would be entitled to recover upon proof of the facts mentioned by the court and alleged in the petition, namely, those relating to the alleged contract of virtual adoption and compliance with it, was a legal and appropriate charge.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*