EVANS, by next friend, *v.* JOSEPHINE MILLS, and *vice versa.*

1. The law governing this case having heretofore been settled by this court (119 *Ga.* 448), and the facts developed on the last trial affirmatively showing that the defendant was not chargeable with any negligence, it follows that the court below rightly granted a new trial on the ground that the finding in favor of the plaintiff was wholly unwarranted.

2. On the trial of a suit for damages on account of personal injuries sustained by the plaintiff (a little girl) by reason of having her arm caught in a machine, it was error to allow non-expert witnesses to testify that the machine "was very dangerous, and not at all safe for a child of tender years to be around." The facts should have been stated and the jury allowed to form their own opinion as to whether the machine was dangerous.

3. It was also error, in such a case, to charge the jury that the only question for them to consider in determining the liability of the defendant was whether the machine by which the plaintiff was injured was *running* or *standing still* at the time she touched it, just prior to receiving her injuries. Such a charge was tantamount to instructing the jury that a given state of facts would constitute negligence.

Argued April 22,—Decided November 20, 1905.

Action for damages. Before Judge Irwin. City court of Polk county. November 5, 1904.

*Seaborn & Barry Wright* and *Janes & Hunt,* for plaintiff.
*Bunn & Trawick,* for defendant.

FISH, C. J. This was an action for damages on account of personal injuries, brought by Bettie Evans, a minor, by her next friend, against the Josephine Mills. The jury found for the plaintiff $5,000, the full amount sued for; and the defendant moved for a new trial, on numerous grounds. A new trial was granted on the grounds, as stated in the judge's order, "that it appears from the undisputed evidence that the plaintiff was, at the time of the acci-

dent, out of the line of her duty where she was employed to be; and it further failing to appear from any evidence that the coemployee [who set in motion the machine through the operation of which the plaintiff was injured] knew of her presence at the time the machine was started." The remaining grounds of the motion were expressly overruled. The plaintiff excepted to the grant of a new trial; and the defendant filed a cross-bill of exceptions in which it complained, in effect, that the court erred in not sustaining its motion for a new trial in its entirety.

1. A substantial statement of the essential facts of this case will be found in the report preceding the opinion of Mr. Justice Lamar, delivered when the case was here before. *Evans* v. *Josephine Mills,* 119 *Ga.* 448. We have no hesitation in affirming the judgment on the main bill of exceptions; for, viewing the evidence in the light most favorable to the plaintiff, it does not appear that the defendant was chargeable with any act of negligence. The plaintiff and another of the defendant's employees, Minnie Sanders, were children. Neither of them was employed to operate the mangle, the starting of which caused the injury. They went to the mangle without the knowledge of any of the defendant's officers or agents in charge of its mill, and while there the plaintiff put her finger on the rollers for the purpose of ascertaining whether they were hot. According to her testimony, just as she did so Minnie Sanders, who was standing at the other end of the machine, started it in motion and it caught the plaintiff's arm, seriously mashing the same. The plaintiff's testimony does not disclose that Minnie Sanders could have seen her put her fingers on the rollers or had any reason to apprehend that she might do so. In this connection the plaintiff testified that she could see only the head and neck and top of the shoulders of Minnie Sanders, and that she supposed Minnie Sanders could only see her head and shoulders and not her hands. Under these facts and circumstances, a verdict in favor of the defendant was demanded. When the case was here before, it was ruled (119 *Ga.* 452) that the plaintiff could not recover unless the master or "some one for whose act he was responsible" was negligent. The judgment was reversed, with direction that the case be submitted to the jury on the sole question of whether or not the coemployee who started the machine was negligent, it appearing from the evidence adduced at the trial then under review that this co-

employee, Minnie Sanders, was one of three operatives whose duty it was to run the mangle. On the last trial it affirmatively appeared that Minnie Sanders had nothing to do with the operation of the machine, but, as above stated, that both she and the plaintiff were away from their posts of duty without either the assent or knowledge of any of the officials or supervising agents in charge of the mill. Had the defendant assigned to Minnie Sanders the duty of operating the mangle, it would be no defense that she was a person so young and inexperienced as not to be capable of looking out for the safety of the plaintiff before starting the machine. Relatively to her, the defendant was not only bound to exercise ordinary care in the selection of fellow-servants who were capable of properly operating its machinery and taking precautions against injury to her, but was responsible for their conduct while performing the duties assigned to them; since the doctrine that a master is not ordinarily liable for the negligence of a fellow-servant does not apply to a case like the present, where the person injured is an infant of tender years. 119 Ga. 448-9. Accordingly it was incumbent on the defendant to place in charge of the mangle an employee not only competent to run the same, but to operate it in such a manner as not to negligently injure other employees of tender years who might come about it and occupy a position which would suggest the probability of their being hurt if the machine were started without warning. This was recognized as true when the case was remanded for another trial on the question whether or not the employee who started the mangle was negligent. The important development on the last hearing, viz., that Minnie Sanders had not been placed in charge of the machine and really had nothing to do with its operation, put an entirely different complexion upon this phase of the case, and cut off all right to a recovery by the plaintiff. The question of the defendant's liability should not, therefore, have been submitted to the jury, as his honor recognized in his order granting a new trial.

2. A consideration of the points raised by the cross-bill of exceptions discloses additional reasons for setting aside the finding in favor of the plaintiff. Some of the grounds of the motion for a new trial which were overruled by the judge were not urged in the brief of counsel before this court, and therefore will not be considered. Still other grounds of the motion assign error upon portions of the

judge's charge, which, while perhaps not entirely accurate, substantially set forth the law of the case as announced in the decision of this court when it was here before, and which do not show any good reason for reversing the judgment. In the interest of brevity these grounds will not be considered seriatim. It appears, however, that the court allowed a witness to testify that the machine which caused the plaintiff's injuries "was very dangerous, and not at all safe for a child of tender years to be around;" and another to testify that she "considered the mangle dangerous with the cover off." This evidence was objected to, on the ground, among others, that the witnesses did not qualify as experts, and consequently their opinions as to the safety or danger of the machine were inadmissible. The admission of this evidence is assigned as error, and we consider the assignment a meritorious one. It was permissible for the non-expert witnesses to describe the machine and set forth the method of its operation, leaving to the jury to say whether or not it was dangerous. It was not for them to venture an opinion on the subject, and the evidence should have been excluded on the proper objection being made. *Mayor* v. *Humphries*, 122 *Ga.* 800(2).

3. Error is also assigned upon the following charge of the court: "I charge you, gentlemen, that the only question for you to consider in determining the liability of the defendant in this case is that of whether the press or mangle was running or standing still when [the plaintiff] went to it and put her hand or finger on the machine." We are clear that this charge was error. It was tantamount to a direct instruction that a given state of facts would constitute negligence and render the defendant liable; and as the state of facts mentioned did not constitute negligence per se, the charge was entirely unauthorized. It is too well settled to need citation of authority that the jury is the sole judge of what constitutes negligence, save only in those cases where the law itself, in express terms or by necessary implication, declares given acts to be negligent. This ground of the motion for a new trial should not have been overruled.

*Judgment on main bill of exceptions affirmed; on cross-bill reversed. All the Justices concur, except Beck, J., not presiding.*