## BLACKSHEAR MFG. CO. v. UMATILLA FRUIT CO.

### No. 5979.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1931.

S. F. Memory, of Blackshear, Ga., and Hilton S. Hampton and Jno. W. Bull, both of Tampa, Fla. (Hampton & Bull, of Tampa, Fla., and S. F. Memory, of Blackshear, Ga., on the brief), for appellant.

O. K. Reaves, G. E. Mabry, and Morris E. White, all of Tampa, Fla. (G. E. Mabry, O. K. Reaves, Morris E. White, E. C. Johnson, and Mabry, Reaves & White, all of Tampa, Fla., on the brief), for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The Blackshear Manufacturing Company, plaintiff below, sued Umatilla Fruit Company, defendant, in three counts at law, and on the conclusion of its evidence a verdict was directed for the defendant, followed by this appeal.

The first count was plainly in contract, alleging that the defendant promised to sell certain fertilizers as plaintiff's salesman to responsible parties only, and to use care and diligence in endeavoring to collect the price, but that, notwithstanding the elapsing of a reasonable time for the performance of the promise, defendant had not used due care and diligence in endeavoring to collect. The count was traversed. There was no evidence submitted of an express promise to collect with diligence. We need not inquire whether one should be implied because also there was no sufficient evidence to show a breach of it. It was proven that no considerable collection was made, but the whole tendency of the evidence was to show, not that by diligence better collection might have been made, but, on the contrary, that the debts were uncollectible.

The second amended count alleges a contract of employment of defendant by plaintiff as a fertilizer salesman, and an agreement to use defendant's best judgment in extending credit, and plaintiff's reliance on defendant's judgment, honesty, and diligence in the premises, but that defendant did not use its best judgment, but so negligently extended credit to customers whom it knew, or should have known, were not entitled to credit, as to dissipate the plaintiff's property to its loss in the sum of $15,593.99. The third count is similar in its frame to the second, but adds allegations of want of good faith on the part of defendant, and want of diligence in the collections as well as in the sales. The gist of these two counts is negligence and bad faith rather than breach of contract, the contract of employment being alleged by way of inducement as the basis for the duty of good faith and diligence. 21 R. C. L. Pleading, § 34. Under the common-law forms which obtain in Florida, these counts sound in case rather than in assumpsit. At common law

their joinder with a contract count would be fatal to the whole declaration upon demurrer, and error on the face of the record upon writ of error. 1 Chitty, Pleading, 199, 201, 205. But in Florida it is provided by statute, section 2585, Rev. Gen. St., 1920: "Causes of action, of whatever kind, by and against the same parties in the same rights, may. be joined in the same suit, except that replevin and ejectment shall not be joined together nor with other causes of action." Our construction of the counts is therefore not embarrassed by considerations of misjoinder. The defendant, however, pleaded to each of these counts a general issue of never promised as alleged instead of not guilty, and the plaintiff by not demurring joined issue. It is urged that this established the counts as sounding in contract. The same error of pleading non assumpsit instead of not guilty occurred in Garland v. Davis, 4 How. 131, 11 L. Ed. 907. It was considered that the declaration, though setting out a contract as here, as matter of inducement, sounded in tort, and was not by the joinder of issue on such a bad plea converted into one in contract. Because of the faulty plea the verdict was set aside and amendment of the pleadings directed to be had in the court below. Revised General Statutes of Florida 1920, § 2656 provides: "Any plea which shall be good in substance shall not be objectionable on account of its treating the declaration either as framed for a breach of contract or for a wrong." This statute may operate to make these pleas effectual as denials of the contract of employment, but whether they are so effectual or not there were additional traverses of the allegations of negligence and bad faith, and these certainly presented good issues for trial.

■ The evidence introduced tended to show a contract of employment as alleged in the counts, and the sale under it by defendant of more than $15,000 worth of fertilizers to some forty customers, all sales being made upon the judgment of the defendant and without interference by plaintiff. The total collections made upon the notes, all of which were held by defendant, were but $100 from two customers only. Many of the customers were shown to have been at the time of the sales without property and of bad financial repute in their community. Want of diligence or bad faith might well have been considered established by the jury, with consequent loss and damage to the plaintiff. The law exacts of every agent and employee diligence, good faith, and obedience to instructions in the execution of his agency or employment, and holds him liable for failures therein that occasion damage. 21 R. C. L., Prin. and Agent, § 9; 18 R. C. L., Master and Servant, § 13. The case should have been submitted to the jury on the second amended and third counts.

■ The court permitted witnesses to testify to the actual financial status of each customer, and to his reputation in the community, but refused to allow the witnesses to express an opinion as to whether, in view thereof, a business man of ordinary prudence would have credited him. The opinion was properly excluded. Witnesses are usually to tell what they know rather than what they think. Upon the facts detailed the jury were to form their opinion. The opinions of the witnesses could not safely aid them in doing so, and the multiplication of witnesses on the point might easily lead to embarrassing the trial. When all the facts can be given to the jury on an issue of negligence, it is usually best to stop there. 1 Greenleaf on Evidence (6th Ed.) § 441b; Camp v. Hall, 39 Fla. 536, 22 So. 792; Evans v. Josephine Mills, 124 Ga. 318, 52 S. E. 538; Mayor, etc., of City of Milledgeville v. Wood, 114 Ga. 370, 40 S. E. 239.

■ The assignment of error complaining of the exclusion of some letter cannot be considered because it fails to set out the substance of the evidence, as required by our Rule XI.

Reversed for further proceedings not inconsistent with this opinion.