MATHEWS, Justice.
This suit involves an application for writ of certiorari for the purpose of reviewing an order of the Circuit Court denying a motion to dismiss an amended bill of complaint.
The original bill of complaint alleged that respondent had published a catalog including pictures and descriptions for outdoor equipment and that petitioner also published a catalog advertising its equipment, which included a picture of a power ventilator sold by the respondent, and that the petitioner had caused lines to be drawn through such picture with an “X” mark and using the word “Old” in connection therewith, all of which indicated that the equipment had become obsolete. It was alleged in the bill that the respondent had become damaged in his business reputation and the bill claimed damages in the amount of $50,000. The bill also prayed for an injunction restraining the petitioner from describing respondent’s equipment as “Old”. Motion to dismiss the bill was filed on the grounds, among others, that this bill simply-alleged that-the respondent had committed an actionable wrong by the publication of printed catalog or pamphlet; that it appears from the complaint that there is an adequate remedy at law and the same fails to allege sufficient facts to warrant equitable relief. The Chancellor granted this motion, dismissed the bill of complaint and allowed ten days within which to file an amended complaint.
*849 In due course an amended bill of complaint was filed which repeated the same allegations of the original bill, claimed' the same damages and praying for an injunction enjoining the respondent from publishing a catalog or pamphlet containing illustrations of the petitioner’s, or other competitors’, products in such a manner as to be false or degrading and from using pictures of petitioner’s equipment in a derogar tory or false manner. There is little difference between the original bill and the amended bill except for the exhibits attached showing the pictures. There is no allegation of insolvency or irreparable damage. The bill alleges that the damages are ascertainable and prays that the Court fix and award such damages to the respondent.
There is no allegation in the bill that the petitioner is attempting to sell a product put out by the respondent or to “palm off” on the public a product allegedly manufactured by it which was not manufactured by it. It appears from the allegations of the amended bill of complaint that the respondent was attempting to show the differences between its product and that of the petitioner and engaged in -trade talk about the product put out by petitioner as being “Old” or obsolete. The cases of Florida Ventilated Awning Co. v. Dickson, Fla., 67 So.2d 215, and Airolite Co. v. Fiedler, 2 Cir., 147 F.2d 496, are not controlling in this case. The shop, or trade, talk in this case does not appear to have been for the purpose of “palming off” the respondent’s product for that put out by the petitioner but appears to be for the purpose of showing that the product put out by the petitioner was more modern and was a superior product to that put out by the respondent.
If the respondent has a case, it is for damages at law for a trade libel.
In American Law Institute Restatement of Torts, Vol. 3, Sections 626 and 627, it is stated that a trade libel may be defined as follows:
“One who without a privilege to do so publishes an untrue statement of fact which is disparaging to the quality of another’s land, chattels or intangible things, under circumstances which would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof would be determined thereby, is liable for pecuniary loss resulting-to the other from the impairment of vendibility so caused.”
In the case of Moore v. City Dry Cleaners & Laundry, Fla., 41 So.2d 865, 873, this Court said:
. “ * * * Where * * * ' a party is amendable to suit- * * * and such party is made accountable under the fundamental law for an abuse of the right of free expression, a court of equity will not enjoin the commission of a threatened libel or slander; for the imposition of judicial restraints in such a case would clearly amount to prior censorship, a basic evil denounced by both the Federal and State constitutions. An action at law will ordinarily provide á full, adequate and complete remedy in such cases; particularly where no breach of trust or contract appears, or where no continuing irreparable injury not compensable in a court of law is shown. * * * ”
We recognize that there are cases where injunctive relief may be granted, but this is not such a case. For a general discussion of this subject see 28 Am.Jur., Injunctions, Sections 117, 118 and 119.
Petition for writ of certiorari be and the same is hereby granted, and the order complained of, be and the same is hereby quashed, with directions to transfer the cause to the law side of the Court, if application is made by the "respondent within thirty days from the date of the mandate of this Court, and if no such request is made, that the amended bill of complaint be dismissed, without prejudice to the right of the respondent to file such suit on the law side of the court for damages as it may be advised.
ROBERTS, C. J., and TERRELL- and SEBRING, JJ., concur.