352 So.2d 918 (1977)
KILGORE ACE HARDWARE, INC., a Florida Corporation, Don C. Kilgore and John M. Kilgore, Individually and As Officers of Kilgore Ace Hardware, Inc., Appellants,
v.
H.D. NEWSOME and F.L. Lay, Appellees.
No. 76-1857.
District Court of Appeal of Florida, Second District.
November 30, 1977.
Rehearing Denied December 28, 1977.
*919 E.C. Watkins, Jr., Tampa, for appellants.
Britt Whitaker, Tampa, for appellees.
McNULTY, JOSEPH P. (Ret.), Associate Judge.
Plaintiffs-appellants challenge a final judgment dismissing their amended complaint in an action at law for damages. We reverse.
Appellants' amended complaint consists of three counts. Each count depends on an alleged employer-employee relationship having existed between the appellant hardware corporation and appellee Newsome. It is further alleged that appellee Lay was a regular customer of the hardware corporation. The various counts of appellants' amended complaint then attempt to state a cause of action for (1) civil conspiracy between appellees to damage unlawfully appellants' business and business reputation; (2) for breach by appellee Newsome of his employment contract with appellant Kilgore Ace Hardware, Inc.; and (3) for trade libel or slander.
Appellees moved to dismiss the amended complaint for failure to state a cause of action. The trial court granted the motion, with leave to appellants to amend. Appellants declined to amend further, and the trial court then entered the final judgment of dismissal appealed from. We think the court was wrong. Read as a whole, the complaint stated a cause of action under two of the three legal theories  civil conspiracy and trade slander. The court was correct, however, on the contract count. No contract was pleaded, merely an employer-employee relationship generally.
First of all, we agree with appellants that an employee owes a duty to his employer to exercise diligence and good faith in matters relating to his employment.[1] The amended complaint alleges *920 that Newsome deliberately breached this duty by maliciously conspiring with Lay to steal appellants' customers. Specifically, it is alleged that Newsome and Lay solicited such customers and importuned them to trade with a competing hardware business which Newsome (while still employed by Kilgore Ace Hardware, Inc.) was organizing with Lay. Additionally, it is alleged, that in furtherance of their conspiracy Newsome and Lay uttered false and malicious statements concerning the business reputation, competence, and ability of appellants Kilgore Ace Hardware, Inc. and its officers, appellants, Don C. Kilgore and John M. Kilgore;[2] that Newsome made many of the false and malicious statements while still employed by Kilgore Ace Hardware, Inc.; that these false utterances were published to customers of Kilgore Ace Hardware, Inc. for the sole purpose of damaging appellants in their business and advancing the business interests of Newsome and Lay; and that appellants in fact have been permanently damaged in their business reputation by the slanderous statements of appellees and have lost regular account customers due to said statements.
Clearly as to the civil conspiracy count the allegations are sufficient. Civil conspiracy is "an agreement, confederation, or combination of two or more persons to do an unlawful act or do or accomplish a lawful act or legal end by unlawful means, to do something wrongful either as a means or an end, or to effect an illegal purpose either by legal or illegal means or to effect a legal purpose by illegal means."[3] Here, the confederation of two or more persons is alleged. The alleged unlawful end and purpose of the conspiracy was the breach of the employee's duty to his employer and the slandering of the appellants in their trade by the conspirators. Given damages as alleged, a cause of action at law exists for civil conspiracy. In this respect, the instant case differs materially from Renpak, Inc. v. Oppenheimer[4] in which, under somewhat similar but distinguishable facts, injunctive relief in equity was denied.
With respect to the trade libel or slander count, it is now well recognized that a person, and a corporation as well, may recover damages for injuries suffered because of written or oral publication of false defamatory matter which tends to be prejudicial in the conduct of a trade or business or to deter third persons from dealing in business with him.[5] The allegations in count three of the amended complaint herein surely fall within this rule.
In view whereof, the judgment appealed from is affirmed with respect to its dismissal of the count sounding in contract. With respect to the remaining two counts, however, it should be, and it is hereby, reversed and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES, A.C.J., and OTT, J., concur.
NOTES
[1] See 21 Fla.Jur. Master and Servant § 8, Cf. Blackshear Mfg. Co. v. Umatilla Fruit Co., 48 F.2d 174 (5th Cir.1931).
[2] The pleaded statements, allegedly false and malicious, were: "the Kilgores did not care about [their] customers or the public;" [they] were "incompetent to serve [their] customers;" and that a customer would be "unable to obtain service from the [Kilgores] due to [their] inability ... to run a hardware business."
[3] See Renpak, Inc. v. Oppenheimer, 104 So.2d 642 (Fla.2d DCA 1958).
[4] Id.
[5] See Diplomat Electric, Inc. v. Westinghouse Electric Supply Company, 378 F.2d 377 (5th Cir.1967); cf. Collier County Publishing Co., Inc. v. Chapman, 318 So.2d 492 (Fla.2d DCA 1975). Also cf. Upton Cooler Corp. v. Alldritt, 73 So.2d 848 (Fla. 1954).