489 So.2d 793 (1986)
H. Bruce McIVER and Southeastern Realty and Investment Properties, Inc., Appellants,
v.
TALLAHASSEE DEMOCRAT, INC. and Knight-Ridder Newspapers, Inc., Appellees.
No. BI-274.
District Court of Appeal of Florida, First District.
May 16, 1986.
Rehearing Denied June 27, 1986.
Ken Davis of Davis, Judkins & Simpson, Tallahassee, for appellants.
DuBose Ausley, C. Gary Williams and Timothy B. Elliott of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellees.
PEARSON, TILLMAN (Ret.), Associate Judge.
H. Bruce McIver and Southeastern Realty and Investment Properties, Inc. brought a complaint for libel against Tallahassee Democrat, Inc. and Knight-Ridder Newspaper, Inc. The trial judge entered a final summary judgment for the defendants against the plaintiff Southeastern Realty and Investment Properties. The complaint of the plaintiff H. Bruce McIver was left pending against both defendants. The plaintiff Southeastern appeals.
No ground for the summary judgment is given by the trial judge, but from our review of the record the only possible ground is that as a matter of law the single *794 article upon which the action is predicated could not upon any reasonable interpretation of the article be held to be libelous of the corporation, Southeastern Realty and Investment. The article alleged information to the Tallahassee Democrat that plaintiff McIver had in effect offered a bribe to a city commissioner upon a proposal to sell land to the City of Tallahassee. The only mention of plaintiff Southeastern Realty and Investment in the article appears as follows:
McIver, President of Southeastern Realty, has testified before a federal grand jury in Tampa investigating bribery and kickbacks and other fraudulent practices in the state's $240 million environmentally endangered and recreational lands purchase program.
The appellants urge and we agree that a corporation may recover for libel just as an individual, where a publication prejudices it in the conduct of its trade or business, deters third persons from dealing with it, assails its management, impugns its methods of doing business or inflicts injury on its credit or business. Kilgore Ace Hardware, Inc. v. Newsome, 352 So.2d 918, 920 (Fla. 2d DCA 1977). The question then is: Can it be said as a matter of law that the identification of McIver as the President of Southeastern did none of these things?
The language in an allegedly libelous publication should be construed as the common mind would naturally understand it. Cooper v. Miami Herald Publishing Company, 159 Fla. 296, 31 So.2d 382, 384 (1947). Applying this rule, the trial court was able to determine that the entire substance of the publication about the alleged incident was the presumed unlawful action by the individual McIver. Southeastern is mentioned only when McIver is identified as its president in connection with McIver's testimony before a grand jury. There is no implication of wrongdoing in the act of testifying before a grand jury. It does not appear even by implication that Southeastern or its management was associated with the reported information relative to bribery.
In New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the United States Supreme Court ruled:
We also think the evidence was constitutionally infirm in another respect: It was incapable of supporting the jury's finding that the allegedly libelous statements were made "of and concerning" respondent.
See also Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966).
If the publication can bear only one meaning, the question of defamation is for the judge. Diplomat Electric, Inc. v. Westinghouse Electric Supply Company, 378 F.2d 377, 381 (5th Cir.1967). We agree that such is the case here.
Affirmed.
BOOTH, C.J., and SMITH, J., concur.